1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10

11   RYAN BLACK,                      ) NO. CV 12-10875-PSG(E)
                                      )
12              Petitioner,           )
                                      ) ORDER ACCEPTING FINDINGS,
13        v.                          )
                                      ) CONCLUSIONS AND RECOMMENDATIONS
14   AMY MILLER, Warden,              )
                                      ) OF UNITED STATES MAGISTRATE JUDGE
15              Respondent.           )
                                      )
16   _____ )

17

18        Pursuant to 28 U.S.C. section 636, the Court has read and

19   considered the Petition, all of the records herein and the attached

20   Report and Recommendation of United States Magistrate Judge.  The

21   Court also has read and considered Smith v. Lopez, ___ F.3d ___, 2013

22   WL 5303247 (9th Cir. Sept. 23, 2013) ("Smith"), a case decided after

23   the Magistrate Judge issued the Report and Recommendation.  As

24   discussed below, the Smith decision does not control the outcome of

25   the present case.

26

27        In Smith, the United States Court of Appeals for the Ninth

28   Circuit upheld a grant of habeas relief on a claim that the petitioner

1 | had lacked adequate notice of the prosecution's theory that the

2 | petitioner aided and abetted the murder of his wife.  The Information

3 | in Smith had charged the petitioner with first degree murder without

4 | mentioning aiding and abetting.  Smith, 2013 WL 5303247, at *1-2.  At

5 | trial, the prosecution introduced evidence to show that the petitioner

6 | bludgeoned his wife to death with a fireplace log roller and staged

7 | the crime scene to look like a burglary.  Id. at *2.  The defense

8 | responded that the petitioner, who was 70 years old and had undergone

9 | major shoulder surgery a few weeks before the murder, was physically

10 | incapable of wielding the heavy log roller.  Id.  The defense also

11 | presented evidence of an alibi.  Id.  The defense further insinuated

12 | that one of the petitioner's employees, a man who knew details of the

13 | crime scene not reported by the media, had bludgeoned the petitioner's

14 | wife to death.  Id. at *2-3.  After the defense rested, the trial

15 | court held a conference to discuss jury instructions.  Id. at *3.  At

16 | that conference, the court acceded to the prosecution's request to

17 | give the jury an instruction on aiding and abetting.  Id. at *3.

18 |

19 |     The Smith Court stated that the charging document "was initially

20 | sufficient" to put the petitioner on notice that he could be convicted

21 | either as a principal or as an aider and abettor.  The Court held,

22 | however, that the prosecution's conduct throughout the pretrial and

23 | trial proceedings affirmatively led the defense reasonably to believe

24 | that any potential aiding and abetting theory was "off the table."

25 | Id. at *7-8.  The Smith Court deemed the case indistinguishable from

26 | Sheppard v. Rees, 909 F.2d 1234, 1236 n.2 (9th Cir. 1990), which,

27 | though a "narrow ruling" in a pre-AEDPA case, assertedly remained

28 | "instructive."  Smith, 2013 WL 530237, at *8.  The Smith Court noted

2

1  that the prosecution had presented no evidence to support an aiding

2  and abetting theory, a circumstance which distinguished earlier cases

3  that had discerned adequate notice from the presentation of evidence.

4  Id. at *9 (citation omitted).  As the Smith Court emphasized, the

5  prosecution had argued that the absence at the crime scene of DNA from

6  anyone other than the petitioner, the victim, and a crime lab

7  technician "meant that no unidentified perpetrator could have killed

8  [the victim]."  Id. at *8.  Perhaps most significantly, the Smith

9  Court reasoned that the petitioner's chosen defenses, alibi and

10 physical inability, "would have been meaningless" against an aiding

11 and abetting theory.  Id. at *9.

12

13   The Smith decision does not dictate a result different from the

14 result recommended by the Magistrate Judge.  As discussed in the

15 Report and Recommendation (and unlike the circumstance in Smith),

16 there was evidence in the present case, both at the preliminary

17 hearing and at trial, suggesting that Petitioner was the driver rather

18 than the shooter, and hence could be found guilty based on an aiding

19 and abetting theory.  Furthermore, Petitioner's mistaken

20 identification defense posited that Petitioner was not present in the

21 car at all at the time of the shooting.  Unlike the circumstances in

22 Smith, Petitioner's chosen defense applied just as forcefully against

23 an aiding and abetting theory of culpability as against a theory that

24 Petitioner was the principal.  Thus, legally and factually, the

25 present case is materially distinguishable from the Smith decision.

26 ///

27 ///

28 ///

3

1   The Court accepts and adopts the Magistrate Judge's Report and

2   Recommendation.

3

4   IT IS ORDERED that Judgment be entered denying and dismissing the

5   Petition with prejudice.

6

7   IT IS FURTHER ORDERED that the Clerk serve copies of this Order,

8   the Magistrate Judge's Report and Recommendation and the Judgment

9   herein on counsel for Petitioner and counsel for Respondent.

10

11   LET JUDGMENT BE ENTERED ACCORDINGLY.

12

13   DATED:   November 6, 2013.

14

15

16   _____

17   PHILLIP S. GUTIERREZ
    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

4